

SILICON VALLEY   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041
TEL: 650.988.8500   FAX: 650.938.5200   WWW.FENWICK.COM

August 25, 2014

CHARLENE M. MORROW

EMAIL CMORROW@FENWICK.COM
Direct Dial (650) 335-7155

**VIA FEDERAL EXPRESS AND ECF**

Daniel E. O'Toole
Clerk of the Court
United States Court of Appeal
for the Federal Circuit
717 Madison Place, NW
Washington, DC  20439

Re:  *Papst Licensing v. FujiFilm Corporation, et al., Case No. 2014-1110*

Dear Mr. O'Toole:

Appellee Hewlett-Packard Company submits this letter under Federal Rule of Appellate Procedure 28(j) and Federal Circuit Rule 28(i) to provide supplemental authority that came to Hewlett-Packard's attention after Hewlett-Packard's brief was filed.  A copy of this Court's opinion in *Bose Corp. v. SDI Tech., Inc. et al.* (Case No. 2013-1347) is enclosed.  While *Bose* is nonprecedential, under Federal Circuit Rule 32.1(d), "[t]he court may … look to a nonprecedential disposition for guidance or persuasive reasoning."

*Bose* supports Hewlett-Packard's argument on page 11 of its Opening Brief (Dkt. No. 70) that the "second connecting device" is a hardware device – a physical plug or socket.  In *Bose*, the Court explained that a connector provides a physical connection.  Slip Op. at 11 ("'connection' refers to physical linkages").

*Bose* further supports Hewlett-Packard's argument on page 17 of its Opening Brief (Dkt. No. 70) that the "second connecting device" of the "interface device" must be detachable from the "data transmit/receive device" ("DTRD").  In *Bose*, the Court rejected the patentee's position that "the claimed 'interface device' . . . is present in the combination of" two separate devices.  Slip Op. at 4 (citation omitted).  Instead, the Court concluded that an "interface device" "must have some form of independent existence," agreeing with the District Court that the term refers to "discrete" structures that are "singularly physical, not defined on paper as different pieces of separate devices."  Slip Op. at 12-14 (citation omitted).

//

//

//

Daniel E. O'Toole
August 25, 2014
Page 2

      Similarly, *Bose* supports Defendants-Appellees' argument on page 34 of their brief (Dkt. No. 69) that the "interface device" is a stand-alone device separate from the host device and DTRD. The "interface device" of the patents-in-suit, like the "interface device" in *Bose*, is a "discrete" structure, separate from other structures. Slip Op. at 12-14.

                                      Respectfully submitted,

                                      FENWICK & WEST LLP

                                      Charlene M. Morrow
                                      Attorneys for Defendant-Appellee
                                      HEWLETT-PACKARD COMPANY