# FISCH SIGLER LLP

5335 Wisconsin Avenue NW | Eighth Floor | Washington, DC 20015

**John T. Battaglia**
Partner
John.Battaglia@FischLLP.com
Direct: (202) 362-3522
Main: (202) 362-3500

August 29, 2014

**VIA ECF**

The Honorable Daniel E. O'Toole
Clerk of the Court
United States Court of Appeals for the Federal Circuit
717 Madison Place NW
Washington, DC 20439

      Re:    Rule 28(j) Notice of Supplemental Authority in *Papst Licensing v. FujiFilm Corporation et al.*, No. 14-1110

Dear Mr. O'Toole:

    Papst respectfully submits this response to Hewlett-Packard's Rule 28(j) Notice regarding *Bose Corp. v. SDI Tech., Inc.* (Dkt. No. 97).

    The nonprecedential and distinguishable *Bose* opinion further highlights the weight of applicable precedential authority supporting Papst's position. Here, unlike in *Bose*, the intrinsic record for the patents-in-suit establishes that multiple claimed elements—"interface device" and "DTRD"—can be located or housed within the same single structure.[1] As explained in Papst's briefing, *NTP, Inc. v. Research in Motion, Ltd.* and other Federal Circuit precedents fully support this Papst position.[2] *Bose* does not address this precedential authority or the principles it recognizes. This is because *Bose* involved a different issue than that presented here and in the *NTP* line of cases; namely, the *Bose* patentee argued that the "interface device" could be split or "spread across" multiple structures.[3]

    Nor does the *Bose* case's conclusion that "'connection' refers to physical linkages" support a construction here that the "second connecting device" must be a detachable physical plug or socket. In *Bose*, that conclusion relied on the specific disclosures of the patent-in-suit:

---

[1] *See* Papst's Opening Br. at 29-53.

[2] *See id.* at 35-37.

[3] *See* Slip Op. at 4.

- 2 -

"A reading of the specification further shows that, as used within the asserted patent, 'connection' refers to physical linkages ....[4]  Here, the patents' intrinsic record includes no such limiting language.

Moreover, the *Bose* conclusion that the "interface device" in that case was a discrete structure does not support a construction here that the "second connecting device" must be detachable from the "DTRD," much less that the "interface device" here must be a stand-alone device separate from the "DTRD" and host.  In *Bose*, the Court based its conclusion on claim language reciting that the "interface device" must "removably connect" to the other claimed devices.[5]  Here, as explained in Papst's briefing, the claims do not include any language limiting the "second connecting device" or "interface device" to a removably connectable, stand-alone device.[6]  Indeed, the Defendants here correctly discount any reliance on the "attached" claim language to support their "interface" construction.[7]

Very truly yours,

John T. Battaglia

cc:   All Counsel of Record (via ECF)

---

[4] Slip Op. at 11.

[5] *Id.* at 13-14.

[6] Papst's Opening Br. at 30-33.

[7] Def.'s Br. at 40.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2014 I caused the foregoing copy to be electronically filed with the Clerk of the Court using CM/ECF, which will automatically send notification of such filing to counsel of record.

Date: August 29, 2014                     By: /s/ John T. Battaglia
                                               John T. Battaglia
                                               *Attorney for Papst Licensing GmbH & Co. KG*