No. 2014-1110

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

IN RE PAPST LICENSING DIGITAL CAMERA
PATENT LITIGATION

PAPST LICENSING GMBH & CO. KG,

*Plaintiff-Appellant,*

v.

FUJIFILM CORPORATION, FUJIFILM NORTH AMERICA CORPORATION
(formerly known as FUJIFILM USA, INC.), HEWLETT-PACKARD COMPANY,
JVC COMPANY OF AMERICA, NIKON CORPORATION, NIKON, INC.,
OLYMPUS CORP., OLYMPUS IMAGING AMERICA INC., PANASONIC
CORPORATION (formerly known as MATSUSHITA ELECTRIC INDUSTRIAL
CO., LTD.), PANASONIC CORPORATION OF NORTH AMERICA,
SAMSUNG OPTO-ELECTRONICS AMERICA, INC., SAMSUNG TECHWIN
CO., AND VICTOR COMPANY OF JAPAN, LTD,

*Defendants-Appellees*,

Appeal from the United States District Court for the District of Columbia in
Case No. 1:07-mc-00493-RMC, United States District Judge Rosemary M. Collyer

**APPELLEE HEWLETT-PACKARD COMPANY'S MOTION TO ALLOT
SEPARATE TIME TO HEWLETT-PACKARD COMPANY
FOR ORAL ARGUMENT**

Charlene M. Morrow
David D. Schumann
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
650.988.8500

Attorneys for Defendant-Appellee
November 4, 2014                    HEWLETT-PACKARD COMPANY

Pursuant to Federal Circuit Rule 34, defendant-appellee Hewlett-Packard Company ("HP") respectfully requests that the Court allot separate time to HP at oral argument scheduled for December 3, 2014.  Because of the significant and unique issues involved between HP and plaintiff-appellant Papst Licensing GmbH & Co. KG ("Papst"), allotting separate time for argument regarding the issues unique to the dispute between HP and Papst would ensure that counsel and the Court will have sufficient opportunity to address the issues presented on the appeal of the judgment entered for HP.

HP stands in a unique position among the defendants-appellees.  Unique to Papst's appeal as to HP is the core issue of whether the district court properly granted summary judgment of non-infringement to HP based on its failure to meet the "second connecting device" limitation.  Defendant-Appellee Hewlett-Packard Company's Brief at 10–25.  HP, alone, obtained summary judgment of non-infringement on this ground.  Although the other defendants-appellees filed a motion for summary judgment based on the "second connecting device" limitation, the district court denied that motion without prejudice.  A203.  The court did so without substantively addressing the motion.  A200–A202.  Therefore, the dispute concerning the "second connecting device" limitation is not even ripe for adjudication as to the other defendants-appellees.  *See Sandisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005) (determining that a claim

construction dispute between the parties was not ripe for determination because the judgment did not depend on the issue); *Broadcast Innovation, LLC v. Charter Commc'ns, Inc.*, 420 F.3d 1364, 1368–69 (Fed. Cir. 2005) (holding that a claim construction issue not material to the judgment of invalidity was not properly before the Court).

Indeed, the other defendants-appellees assert in their briefing that this Court need not even reach the "second connecting device" issue. Brief of Defendants-Appellees Other Than Hewlett-Packard Company (Dkt. No. 69) at 1–2. The judgment entered in favor of the non-HP defendants-appellees derived instead from the district court's grant of six separate summary judgment motions. Each motion addressed a different ground of non-infringement applicable to less than all of each of defendants-appellees' products. *See id.* at 21–26 (Memory Card Summary Judgment, "DTRD" Summary Judgment, "Input/Output Device Customary in a Host Device" Summary Judgment, "Virtual File System" Summary Judgment, Table 15 Products Summary Judgment, Wrongfully Accused Samsung Brand Products Summary Judgment). As such, the oral argument as it relates to Papst's appeal regarding the judgments applicable to the other defendants-appellee's may cover six topics, assuming each summary judgment necessary to affirm the judgments is addressed. That amounts to two minutes and thirty seconds per issue per side.

Given the number of issues that must be addressed regarding Papst's appeal as it relates to the other defendants-appellees, HP respectfully requests a separate allotment of five minutes, in addition to the standard fifteen minutes given to the group of defendants-appellees, each to HP and Papst to address the issues unique to HP—for example, the "second connecting device" limitation.[1]  Such an allotment would ensure that counsel for all parties will have sufficient opportunity to address the significant issues at issue as to HP, while maintaining an argument length that is manageable and not unduly burdensome to the Court.[2]  HP submits that no party will suffer prejudice from an allotment of five minutes each to HP and Papst to address the "second connecting device" limitation.

WHEREFORE, HP respectfully requests that the Court allot five minutes of oral argument each to HP and Papst in addition to the standard fifteen minutes, during which HP and Papst can separately address issues unique to HP and Papst. In the alternative, HP requests that five minutes of the standard fifteen minutes be allotted to it to address issues raised by Papst unique to HP.

## STATEMENT REGARDING CONSENT

HP's counsel has conferred with counsel for Papst and counsel for the other

---

[1] In the alternative, HP requests that five minutes of the standard fifteen minutes be allotted to HP to address the "second connecting device" limitation.

[2] This allotment would of course be subject to the Court's discretion during oral argument to either shorten or enlarge the time as it sees fit.

defendants-appellees.  Counsel for Papst indicated that Papst does not oppose the

present motion and will not file a response.  Counsel for the remainder of the

defendants-appellees stated that they would take a position and respond to the

motion in accordance with the Court's rules.


Dated:  November 4, 2014                    Respectfully submitted,


                                            */s/ Charlene M. Morrow*
                                            Charlene M. Morrow

                                            Charlene M. Morrow
                                            FENWICK & WEST LLP
                                            801 California Street
                                            Mountain View, CA  94041
                                            Telephone:  (650) 988-8500
                                            Facsimile:  (650) 938-5200

                                            David Schumann
                                            Bryan A. Kohm
                                            FENWICK & WEST LLP
                                            555 California Street, 12th Floor
                                            San Francisco, CA  94104
                                            Telephone:(415) 875-2300
                                            Facsimile: (415) 281-1350

                                            *Counsel for Appellee*
                                            *Hewlett-Packard Company*

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Defendant-Appellee Hewlett-Packard Company certifies the

following pursuant to Federal Circuit Rule 47.4:

1.    The full name of every party or amicus represented by me is:

       Hewlett-Packard Company.

2.    The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

       As indicated in item 1.

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

       None.

4.    The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this case are:

| <u>Law Firm</u> | <u>Partners and Associates</u> |
| --- | --- |
| Fenwick & West LLP | Charlene M. Morrow |
| | David Schumann |
| | Bryan Kohm |
| | Jeffrey V. Lasker* |
| | Heather N. Mewes* |

November 4, 2014

       By: /s/ Charlene M. Morrow
       Charlene M. Morrow
       FENWICK & WEST LLP
       Silicon Valley Center
       801 California Street
       Mountain View, CA  94041
       cmorrow@fenwick.com
       650-988-8500
       *Attorneys for Defendant-Appellee*

* Former Fenwick & West LLP attorney

## <u>CERTIFICATE OF SERVICE</u>

I, Charlene M. Morrow, hereby certify that on November 4, 2014, I caused

the foregoing **APPELLEE HEWLETT-PACKARD COMPANY'S**

**MOTION TO ALLOT SEPARATE TIME TO HEWLETT-PACKARD**

**COMPANY FOR ORAL ARGUMENT** to be served on all counsel of record via

the electronic court filing system (ECF).


November 4, 2014                    By:*/s/Charlene M. Morrow*
                                        Charlene M. Morrow

                                        *Attorneys for Appellee*
                                        *Hewlett-Packard Company*